UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL HALL,
#04036-025,

    Petitioner,                                       Civil Action No. 20-CV-10064

vs.                                           HON. BERNARD A. FRIEDMAN

J. HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
APPLICATION FOR A WRIT OF HABEAS CORPUS**

Petitioner in this matter is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan.[1] Petitioner has filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to sentencing credits for time he spent in custody prior to sentencing. Respondent has filed a motion to dismiss on the grounds that petitioner has failed to exhaust his administrative remedies. Petitioner has not responded. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

The Court lacks jurisdiction to consider petitioner's application. As the Sixth Circuit has explained:

> The Supreme Court has held that the Attorney General, through the Bureau of Prisons, and not the district court, is authorized to grant a defendant credit for time served prior to sentencing under

---

[1] Petitioner was convicted in the United States District Court for the Northern District of Indiana for wire fraud, in violation of 18 U.S.C. § 1843, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). In April 2018, he was sentenced to fifty-seven months in prison. *See United States v. Hall*, Crim. No. 2:17-cr-00080 (N.D. Ind.) (docket entry 67).

> 18 U.S.C. § 3585. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies. *See Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

*United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). *See also United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"). Under the BOP's Administrative Remedy Program, an inmate must first raise his concern informally with staff, and if this is unsuccessful he must submit a Request for Administrative Remedy to a correctional counselor or the warden. *See* 28 C.F.R. §§ 542.13(a); 542.14(c)(4), (d). If the inmate is not satisfied with the response at this level, he may appeal to the regional director; and if he is not satisfied with the response by the regional director, he may appeal to the BOP's general counsel. *See* 28 C.F.R. § 542.15(a). It is the general counsel's decision that represents the BOP's final agency decision. *Id.*

In the present case, respondent indicates that the BOP has no record that petitioner has availed himself of the BOP's dispute resolutions procedures. By failing to respond to the instant motion, which was filed on March 17, 2020, petitioner concedes that he has not done so. Indeed, on page 3 of his habeas application, petitioner asserts that he has not sought an administrative remedy because his "[c]ase manager refused to correct the problem and staff goes along with them. Futile to pursue. I did proceed to my sentencing judge and was advised to pursue it here in this district court."

This is the correct district for petitioner to seek relief under § 2241 because this is the district where he is incarcerated. However, petitioner may not seek relief in court until after he has exhausted his administrative remedies, and it is apparent that he has not done so. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied without prejudice. Petitioner may seek relief under § 2241 if he is unable to obtain relief after exhausting his remedies under the BOP's Administrative Remedy Program.

                                                  s/Bernard A. Friedman
                                                  Bernard A. Friedman

Dated: April 30, 2020              Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2020.

Darryl Hall, #04036-025                s/Johnetta M. Curry-Williams
Milan Federal Correctional Institution    Case Manager
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160